**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5483-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

S.D.M.,

     Defendant-Appellant.

_____

Submitted October 31, 2019 – Decided  November 20, 2019

Before Judges Alvarez and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 13-08-0837.

Joseph E. Krakora, Public Defender, attorney for appellant (Phuong Vinh Dao, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Christopher W. Hsieh, Chief Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant S.D.M.[1] appeals from the June 28, 2018 order of the Law Division denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

The following facts are derived from the record. P.J. is the mother of defendant's minor daughter. The couple lived apart and were disputing custody of their child. Defendant arranged to meet P.J. at a Passaic County diner to pick up his daughter for the day. After P.J. threatened over the telephone to keep defendant from seeing his daughter, he got out of his car, carrying bags containing a shotgun, a handgun, ammunition, handcuffs, masking tape, and a box cutter. He entered P.J.'s car, sat down, pointed the handgun at P.J., and told her to drive to her home "so that we can talk." The gun remained in defendant's lap pointed at P.J. for the approximately twenty-minute drive to her home. Their four-year-old daughter was in the back seat of the car.

Once at the house, defendant ordered P.J. to go upstairs to her apartment and to leave their daughter alone in the car. While armed, defendant followed P.J. to the apartment, where he handcuffed her to the stove. He later moved P.J. to the bathroom, where he handcuffed her to a radiator. For approximately five

---

[1] We use initials to protect the identity of defendant's child.

A-5483-17T4

and a half hours, P.J. remained captive while defendant threatened her repeatedly with his weapons. During the episode, defendant called P.J.'s mother, asking her to retrieve the child from the car. In a subsequent call, defendant told P.J.'s mother he was not going to allow P.J. to leave the apartment. Defendant permitted P.J. to speak with her mother. P.J. asked her to call the police.

When defendant heard police in the hallway of P.J.'s building, he opened the apartment door and stood at the top of the stairs with his loaded shotgun. He pointed the gun at officers as they approached the bottom of the stairs leading to P.J.'s apartment, causing them to retreat. Ultimately, officers communicating with defendant by telephone convinced him to release P.J. and surrender.

A grand jury indicted defendant, charging him with: first-degree kidnapping, N.J.S.A. 2C:13-1(a) and N.J.S.A. 2C:13-1(b)(2)[2]; two counts of second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a); second-degree unlawful possession of an assault firearm, N.J.S.A. 2C:39-5(f); fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4); second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a); third-degree terroristic threats, N.J.S.A. 2C:12-3(a) and N.J.S.A. 2C:12-3(b); third-degree criminal

---

[2] The indictment appears to contain a typographical error, describing the charge as a violation of N.J.S.A. 2C:13-2(b)(2), which does not exist.

A-5483-17T4

restraint, N.J.S.A. 2C:13-2(a); three counts of third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(9) (pointing shotgun at three police officers); third-degree unlawful possession of weapon (shotgun), N.J.S.A. 2C:39-5(c)(1); two counts of second-degree unlawful possession of a weapon (shotgun and handgun), N.J.S.A. 2C:39-5(c)(2) and N.J.S.A. 2C:39-5(b); fourth-degree possession of a large capacity ammunition magazine, N.J.S.A. 2C:39-3(j); fourth-degree unlawful possession of a weapon or device (hollow-nosed bullets), N.J.S.A. 2C:39-3(f)(1); third-degree possession of a weapon (box cutter) for an unlawful purpose, N.J.S.A. 2C:39-4(d); and fourth-degree possession of a weapon (box cutter) for an unlawful purpose, N.J.S.A. 2C:39-5(d).

Pursuant to a negotiated agreement with the State, defendant entered a plea of guilty to first-degree kidnapping, one count of second-degree possession of a weapon for an unlawful purpose, and one count of third-degree aggravated assault, which arose from pointing a shotgun at one of the police officers. In exchange for defendant's guilty plea, the State agreed to dismiss the remaining charges and recommend an aggregate sentence of no more than fifteen years. At the plea hearing, defendant admitted he understood and consented to the terms of the plea agreement, including the State's sentencing recommendation.

At sentencing, defendant's counsel highlighted his minimal prior criminal record, non-violent history, and the emotionally-charged nature of the child custody dispute. Counsel referred to a letter from defendant's grandmother describing his positive attributes, and called defendant's niece as a witness. She testified that defendant's family supported him.

The court found aggravating factors: three, N.J.S.A. 2C:44-1(a)(3) ("[t]he risk that the defendant will commit another offense"); six, N.J.S.A. 2C:44-1(a)(6) ("[t]he extent of the defendant's prior criminal record and the seriousness of the offenses of which he has been convicted"); and nine, N.J.S.A. 2C:44-1(a)(9) ("[t]he need for deterring the defendant and others from violating the law"). The court found mitigating factor seven, N.J.S.A. 2C:44-1(b)(7) ("[t]he defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present offense").

The court found the aggravating factors "very substantially outweigh[ed]" the mitigating factor. When making that analysis, the court noted the significant and ongoing emotional trauma P.J. and the couple's daughter experienced as the result of defendant's criminal behavior, and emphasized the duration of the kidnapping. Consistent with the terms of the plea agreement, the court

sentenced defendant to an aggregate fifteen-year period of incarceration, with an eighty-five-percent period of parole ineligibility, pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2.

On direct appeal, an excessive sentencing panel of this court issued an order affirming defendant's sentence. State v. S.D.M., No. A-4863-14 (App. Div. Dec. 15, 2015). The Supreme Court denied defendant's petition for certification. State v. S.D.M., 230 N.J. 512 (2017).

Defendant thereafter filed a petition for PCR. He alleged his trial counsel was ineffective because he failed to argue at sentencing: (1) for the court to find additional mitigating factors, such as an absence of a likelihood defendant would commit another offense and that defendant was suffering an extreme emotional disturbance when he committed his offenses; (2) for a lesser sentence than the term in the plea agreement; and (3) for sentencing on the kidnapping count at one degree lower than first degree.

Judge Marilyn C. Clark, who presided at defendant's plea allocution and sentencing, heard his PCR petition. Judge Clark issued a comprehensive oral opinion, in which she concluded defense counsel,

> a most experienced and excellent attorney, obtained a plea agreement after much negotiation that benefitted the defendant, given the evidence in the case. He explained at length that he had done his best and he did

not see any viable defenses. He had considered insanity and diminished capacity and had concluded correctly, in this [c]ourt's opinion, that these defenses would fail at trial.

. . . . .

[H]e presented the letter from defendant's grandmother, he presented the niece, who spoke, he cited the lack of criminal record, and he noted some history of employment . . . and the stress over [defendant's] daughter had resulted in his actions.

. . . . .

[Defendant's counsel] provided [defendant] with outstanding representation from start to finish. Indeed, there is no doubt that in plea negotiations he stressed to the prosecutor the extreme stress the defendant had been under over the tensions related to his daughter and he succeeded in getting, given the crimes here, a most beneficial plea agreement. As noted, it ended up being [fifteen] years. [The Assistant Prosecutor] emphasized that she had initially been firmly opposed to going below [twenty] and [defendant's counsel], in his arguments to her during negotiations, persuaded her to go to [fifteen]. There is . . . absolutely no basis for a finding of ineffective assistance of counsel.

In addition, Judge Clark found "there was no basis for [defendant's counsel] to have argued that the first-degree kidnapping should be sentenced one degree lower. As noted, [the court] found that the aggravating factors qualitatively substantially outweigh the mitigating factors." On June 28, 2018, Judge Clark

entered an order denying defendant's PCR petition without an evidentiary hearing.

This appeal followed. Defendant makes the following arguments for our consideration:

> AS DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, HE IS ENTITLED TO POST-CONVICTION RELIEF.
>
> (A) PLEA COUNSEL FAILED TO VIGOROUSLY ARGUE MULTIPLE MITIGATING FACTORS AND AS SUCH, THE PCR COURT ERRED IN DENYING DEFENDANT'S PCR [SIC] WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING.
>
> (B) TRIAL COUNSEL FAILED TO ARGUE THAT DEFENDANT SHOULD BE SENTENCED TO ONE DEGREE LESS BASED ON THE INTEREST OF JUSTICE AND THAT THE MITIGATING FACTORS SUBSTANTIALLY OUTWEIGH THE AGGRAVATING FACTORS.
>
> (C) THE CUMULATIVE ERRORS COMMITTED BY TRIAL COUNSEL REQUIRE POST-CONVICTION RELIEF.

## II.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Preciose, 129 N.J. 451, 459 (1992). Under Rule 3:22-2(a), a defendant is entitled to post-conviction relief if there was a "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution

of the United States or the Constitution or laws of the State of New Jersey. . . ." "A petitioner must establish the right to such relief by a preponderance of the credible evidence." Preciose, 129 N.J. at 459. "To sustain that burden, specific facts" that "provide the court with an adequate basis on which to rest its decision" must be articulated. State v. Mitchell, 126 N.J. 565, 579 (1992).

A hearing on a PCR petition is required only when: (1) a defendant establishes a prima facie case in support of PCR; (2) the court determines that there are disputed issues of material fact that cannot be resolved by review of the existing record; and (3) the court determines that an evidentiary hearing is required to resolve the claims asserted. State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)). "A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" Id. at 355 (quoting R. 3:22-10(b)).

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004). Where an evidentiary hearing has not been held, it is within our authority "to conduct a de novo review of both the factual findings and legal conclusions of the PCR court . . . ." Id. at 421. We review a judge's

decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. Preciose, 129 N.J. at 462.

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee criminal defendants the right to the effective assistance of counsel. State v. O'Neil, 219 N.J. 598, 610 (2014) (citing Strickland v. Washington, 466 U.S. 668, 686 (1984); State v. Fritz, 105 N.J. 42, 58 (1987)). To succeed on a claim of ineffective assistance of counsel, the defendant must meet the two-part test established by Strickland and adopted by our Supreme Court in Fritz. 466 U.S. at 687; 105 N.J. at 58.

Under Strickland, a defendant first must show that his or her attorney made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. Counsel's performance is deficient if it "[falls] below an objective standard of reasonableness." Id. at 688.

A defendant also must show that counsel's "deficient performance prejudiced the defense." Id. at 687. A defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable

probability is a probability sufficient to undermine confidence in the outcome" of the trial. Ibid.

"[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 697; State v. Marshall, 148 N.J. 89, 261 (1997). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

Having carefully reviewed defendant's arguments in light of the record and applicable legal principles, we affirm the June 28, 2018 order for the reasons stated by Judge Clark in her thorough and well-reasoned oral opinion. We add the following comments.

Defendant's claims regarding the applicability of mitigating factors and the length of his sentence are, in effect, excessive sentence arguments cloaked as ineffective assistance of counsel claims. Defendant had the opportunity to raise those arguments in his direct appeal. See State v. Acevedo, 205 N.J. 40, 45-46 (2011). This is an additional basis for affirming the trial court's order.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION